# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

GOLDEN R. STOWERS                                                                                         PLAINTIFF

v.                                           1:17CV00129-JLH-JJV

NANCY A. BERRYHILL, Deputy
Commissioner for Operations, performing
the duties and functions not reserved to
the Commissioner of Social Security                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Golden Stowers, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The Appeals Council remanded this case and, after remand, the Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 18-31.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff is young. He just turned thirty-nine years old. (Tr. 130.) He is a high school graduate but the record is unclear if he attended special education classes. (Tr. 482.) He has past relevant work as a boilermaker and deck hand. (Tr. 29.)

The ALJ[1] found Mr. Stowers had not engaged in substantial gainful activity since November 1, 2012 - the alleged onset date. (Tr. 20.) The ALJ found he has "severe"

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairments in the form of degenerative disc disease, obesity, posttraumatic stress disorder, anxiety, depression, and substance abuse disorder. (Tr. 20.) The ALJ further found Mr. Stowers did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21-22.)

The ALJ determined Mr. Stowers had the residual functional capacity to perform a reduced range of light work. (Tr. 22-23.) Based on this finding, the ALJ concluded Plaintiff could no longer perform his past work. (Tr. 29.) He utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Plaintiff could perform despite his limitations. (Tr. 117-126.) Given the testimony of the vocational expert, the ALJ determined Mr. Stowers could perform the jobs of garment bagger and price tagger. (Tr. 30.) Accordingly, the ALJ determined Mr. Stowers was not disabled. (Tr. 30-31.)

The Appeals Council denied Plaintiff's request for a review of this decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Stowers argues the ALJ incorrectly determined his gastrointestinal disorder was not "severe." (Doc. No. 10 at 17-21.) The ALJ analyzed Mr. Stowers's intestinal disorder, and concluded:

> The undersigned finds the claimant's gastroesophageal reflux disease (GERD) with esophagitis and hiatal hernia and status-post gallbladder surgery to be nonsevere. There is no evidence that the claimant's symptoms are perpetual or would interfere with work activity for a period of not less than 12 months. He reported in January 2016 that his symptoms were controlled with medications. In addition, [t]here are no reported residuals from his surgery noted in the record.

(Tr. 21.)

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Plaintiff is clearly limited from a combination of impairments. However, based on the overall record in this case, the ALJ could rightly conclude that Plaintiff's gastrointestinal disorder does not significantly limit his ability to perform work related activities. As the ALJ determined, the record shows Plaintiff's gastrointestinal disorder responded well to medication. (Tr. 640, 930, 969.) Additionally, as the Commissioner argues, it is significant that Plaintiff did not allege any gastrointestinal disorder when applying for disability benefits. (Tr. 336.) Moreover, when asked about the basis for his disability at the administrative hearing, Plaintiff testified, "It's mainly my

4

lower back, but honestly, it shoots all the way back up to the back of my neck, down my legs." (Tr. 86.)

I am sympathetic to Mr. Stowers's claims. Plaintiff's counsel has done an admirable job advocating for Plaintiff's rights in this case, but I am unable to find reversible fault in the ALJ's opinion. The ALJ carefully considered the record and made a supported determination that Plaintiff was not completely disabled. In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments which I have considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of July, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE